IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LUIS COMACHO CORREA,<br><br>        Plaintiff,<br>v.<br><br>OTTO ENGINEERING INC.,<br><br>        Defendant. | Case No. 21-cv-01367<br><br>Judge Jorge L. Alonso |

**MEMORANDUM OPINION AND ORDER**

On March 28, 2023, the Court denied Defendant Otto Engineering Inc.'s ("Defendant" or "Otto") Motion for Summary Judgment in part. (Mem. Opinion and Order, ECF No. 83.) Before the Court is Otto's motion that the findings the Court deemed admitted at summary judgment are "established in this case" pursuant to Federal Rule of Civil Procedure 56(g). (ECF No. 103.) For the following reasons, the Court, in its discretion, grants in part and denies in part Otto's Rule 56(g) motion.

**BACKGROUND**

On April 15, 2022, Otto moved for summary judgment on Plaintiff's discriminatory discharge claim, the sole remaining claim in this suit. (ECF No. 49.) Plaintiff asserts that Otto violated the Americans with Disabilities Act ("ADA") by suspending and then terminating his employment because of his attention deficit disorder ("ADD"). Otto also moved to strike portions of Plaintiff's declaration and responses to Defendant's asserted facts, which the Court considered together with the summary judgment motion. (Mem. Opinion and Order, 2-3, ECF No. 83.) In doing so, the Court deemed admitted the supported facts that Plaintiff failed to properly contest with admissible evidence. (*Id*. at 3.) The Court granted Otto's motion for summary judgment in

1

part with respect to Plaintiff's claims for severance pay and health insurance damages. (*Id*. at 28-30.) The Court denied the remainder of Otto's motion for summary judgment and its motion to strike. (*Id*. at 30.)

## LEGAL STANDARD

Under section (g) of Rule 56, "if the court does not grant all the relief requested by the motion, it may enter an order stating any material fact — including an item of damages or other relief — that is not genuinely in dispute and treating the fact as established in the case." Fed. R. Civ. P. 56(g). In other words, after partially granting a summary judgment motion, a district court "may enter an order stating any material fact that is not genuinely in dispute for trial." *Ford v. Marion Cty. Sheriff's Office*, 942 F.3d 839, 849 (7th Cir. 2019).

"Rule 56(g) is 'ancillary' to the ultimate summary-judgment analysis, operating to 'salvage some results' from the time and resources spent in deciding unsuccessful summary-judgment motions." *Kreg Therapeutics, Inc. v. VitalGo, Inc.*, 919 F.3d 405, 415 (7th Cir. 2019) (quoting Wright & Miller, 10B Fed. Prac. & Proc. § 2737 (4th ed. 2018)). A Court need not issue a Rule 56(g) order "contemporaneously with its summary-judgment decision." *Id*. at 416. District courts have considerable discretion in determining Rule 56(g) motions. *Id*. at 415.

The committee notes to Rule 56(g) caution the Court to "take care that this determination [under Rule 56(g)] does not interfere with a party's ability to accept a fact for purposes of the motion only." Fed. R. Civ. P. 56(g), Committee Notes on Rules—2010 Amendment. The committee notes further explain, "A nonmovant, for example, may feel confident that a genuine dispute as to one or a few facts will defeat the motion, and prefer to avoid the cost of detailed response to all facts stated by the movant." *Id*. Such a situation must be distinguished from a scenario where a nonmovant purports to dispute a fact on summary judgment but offers no

evidence in support. "Summary judgment is no time for half-hearted advocacy." *Kreg Therapeutics,* 919 F.3d at 416 (citing *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 568 (7th Cir. 2017)).

## DISCUSSION

Key to the Court's March 2023 ruling, and consequently this motion, was Plaintiff's failing to properly dispute several of Ott's asserted and supported facts. Based on well-established Seventh Circuit precedent, the Court deemed those facts admitted. *See Curtis v. Costco Wholesale Corp.*, 807 F.3d 215, 218-19 (7th Cir. 2015); *Ammons v. Aramark Uniform Servs., Inc.*, 368 F.3d 809, 817-18 (7th Cir. 2004). Additionally, the March 2023 summary judgment ruling is subject to the doctrine of the law of the case, namely, "a ruling made in an earlier phase of a litigation controls the later phases unless a good reason is shown to depart from it." *Krieger v. United States*, 842 F.3d 490, 505 (7th Cir. 2016). The undisputed facts set forth on pages three to ten of the April 15, 2023 Memorandum Opinion and Order shall be treated as established for the purposes of the trial. *See, e.g.*, *Sansone v. Donahoe*, 98 F.Supp.3d 946, 949 n.5 (N.D. Ill. 2015).

The Court is unpersuaded by the nonbinding cases Plaintiff cites from other district courts outside this Circuit. And Plaintiff's argument that treating these facts as established in the case would result in inefficiency and confusion for the jury is similarly unpersuasive. The Court spent a considerable amount of judicial resources reviewing the summary judgment briefs and facts, and the undisputed facts on pages three to ten of the summary judgment ruling formed the basis of the Court's decision. Narrowing the issues streamlines the case and will potentially limit the need to present certain evidence or witnesses to the jury.

That said, to the extent Otto requests that the Court consider additional facts that were not evaluated on pages three to ten of its summary judgment ruling, such a request goes a step too far.

3

These facts were not part of the factual predicate the Court relied upon in reaching its legal conclusions. The Court denies this aspect of Otto's Rule 56(g) motion.

## CONCLUSION

For these reasons, the Court, in its discretion, grants in part and denies in part Otto's Rule 56(g) motion [103].

**SO ORDERED.**                                                ENTERED: January 17, 2023

                                                                                   **HON. JORGE ALONSO**
                                                                                   **United States District Judge**