UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Luis Correa Comacho, | ) |
| | ) |
| Plaintiff, | ) Case No.: 1:21-cv-01367 |
| | ) |
| v. | ) |
| | ) |
| OTTO Engineering, Inc., | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW**

Defendant, Otto Engineering, Inc. ("Otto"), by and through its attorneys, E. Jason Tremblay and Alexander L. Reich of Saul Ewing LLP, at the close of all the evidence offered and received on behalf of Plaintiff, respectfully moves, pursuant to Federal Rule of Civil Procedure 50(a), for judgment as a matter of law in favor of Otto and against Plaintiff.

**A.      Relevant Legal Standards.**

Pursuant to Rule 50(a), a party may make a motion for judgment as a matter of law any time prior to submission of the case to the jury. Fed. R. Civ. P. 50(a)(2). The motion shall be granted "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1). Upon such a finding, the Court may:

    A.  resolve the issue against the party; and

    B.  grant a motion for judgment as a matter of law against the party on the claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on the issue.

Fed. R. Civ. P. 50(a)(1)(A)-(B).

Plaintiff claims, under the Americans with Disabilities Act ("ADA"), that Otto terminated his employment in October of 2019 because it perceived him to be disabled. To prevail, Plaintiff must prove that he has a disability, within the meaning of the ADA, that he was qualified to perform the essential functions of the job, and that he suffered from an adverse employment action because of his disability. *Hooper v. Proctor Health Care Inc.,* 804 F.3d 846, 853 (7th Cir. 2015). The Court previously limited Plaintiff's claim to the "regarded as" prong of the ADA, in response to Otto's uncontested Motion in *Limine* #1.

**B.     Plaintiff Did Not Elicit Evidence That Otto "Regarded" Him As Disabled.**

Plaintiff did not prove that Otto regarded him as disabled when it terminate his employment in October of 2019. The only evidence Plaintiff offered in support of this allegation is that he showed Barbara Schmidt a prescription for Adderall at his March 2019 suspension meeting, *after* the suspension notice had already been presented to him. Importantly, the prescription itself did not indicate whether the Adderall was for Attention Deficit Disorder ("ADD") or any other disability and did not identify any type of limitations. As such, Otto had no reason to regard him as disabled under the ADA. Mere receipt of a vague prescription, by itself, is insufficient to establish that Plaintiff was "regarded as" disability.

Further, Plaintiff provided no evidence that Otto regarded him as "substantially limit[ed] in one or more major life activities," as required under the ADA's "regarded as" prong. 42 U.S.C. § 12102(1). The only evidence offered by Plaintiff was his testimony that he has difficulty keeping track of time due to his ADD. Plaintiff did not present any evidence during his case-in-chief indicating if or how any major life activity was limited due to his difficulty with the concept of time, let alone substantially limited. *See, e.g.*, *Stermer v. Caterpillar Inc.*, 102 F. Supp. 3d 959, 965 (N.D. Ill. 2015) (allegations that ADHD, depression, and anxiety affected plaintiff's ability to

concentrate and learn was insufficient); *Scott v. Kaneland Cmty. Unit Sch. Dist. No. 302*, 898 F. Supp. 2d 1001, 1005 (N.D. Ill. 2012) (adult ADD did not cause plaintiff to be disabled under the ADA). To the contrary, Plaintiff testified during his deposition, and as already recognized by this Court in response to Defendant's Motion for Summary Judgment, that his impairments do not limit any major life activities. Further, even if Otto regarded Plaintiff as unable to get to work on time, tardiness is not a major life activity. *Huge v. Gen. Motors Corp.*, 62 F. App'x 77, 80 (6th Cir. 2003) (employee's depression did not substantially limit a major life activity where she had trouble with tardiness and concentrating); *Sarko v. Penn-Del Directory Co.*, 968 F. Supp. 1026, 1034 n. 8 (E.D. Pa. 1997) (stating that "the ability to…report to work on time, clear-minded, in the morning" was not a major life activity under the ADA). Therefore, Plaintiff failed to present any evidence that Otto regarded him as substantially limited in a major life activity.

C.  **Plaintiff Failed To Present Evidence of Causation.**

Additionally, Plaintiff presented no evidence proving that Otto terminated his employment *because* it regarded him as disabled. Instead, Plaintiff's own evidence overwhelmingly proved that his termination was the result of his repeated tardiness and falsification of time sheets despite numerous opportunities to correct his behavior. Plaintiff repeatedly admitted as such during his case-in-chief, acknowledging that he continued to show up late even after multiple warnings from management. In fact, it is uncontested that Plaintiff arrived to work late 10–25 times between 2016 and 2019, and that he was also repeatedly notified by Otto that he had to get to work on time and put down the right time on his time sheet.

Significantly, the lengthy time period between when Plaintiff allegedly disclosed his ADD to Otto and his termination disproves causation. Specifically, Plaintiff testified that he told Larry Follman about his ADD in 2016, and that he first disclosed his ADD to Ms. Schmidt on March 7,

2019 (Otto denies that he ever told them about any disability). However, Plaintiff was not terminated until October 18, 2019, years after he allegedly told Mr. Follman and over 8 months after he allegedly told Ms. Schmidt, during which time Plaintiff admitted during his case-in-chief that he was repeatedly warned about coming in late and writing down the wrong time on his timesheet.

Additionally, Plaintiff also made a fatal admission during his case-in-chief, acknowledging during cross examination that he believed that the real reason behind his termination was not about any perception that he was disabled but, instead, because Len Szatkowski wanted to get him fired due to his dispute with Larry Follman about managing the Molding Department. In other words, Plaintiff's own admission about the "cause" or "reason" behind his eventual termination is reason enough to grant judgment as a matter of law in favor of Otto.

In short, Plaintiff's repeated violations of Otto's written policies were the basis for his termination, and the undisputed facts during Plaintiff's case-in-chief established that his alleged disability (or Otto's alleged perception of any disability) played no role in his discharge, particularly because the decision makers involved were unaware of his ADD.

**D.      Plaintiff Did Not Establish Disability Discrimination Under the "Cat's Paw" Theory.**

Moreover, the "cat's paw" theory (which, as suggested by the Court in response to the Parties' summary judgment briefs, is Plaintiff's only avenue to prove his case) is inapplicable and not plausible, because Plaintiff provided no evidence that Larry Follman harbored any discriminatory animus against Plaintiff. To the contrary, Plaintiff testified that he and Mr. Follman were friends and that they would talk for hours about Mr. Follman's personal life. In fact, Plaintiff testified that they were so close that Mr. Follman disclosed to Plaintiff that Mr. Follman's son also had a disability. He likewise testified that Mr. Follman was "sympathetic" and "understanding"

51905255.2

of his diagnosis. In short, the "cat's paw" is premised on evidence of alleged misconduct on one party that is imputed to another but, here, Mr. Camacho presented zero testimony on Mr. Follman's misconduct or animus. To the contrary, Plaintiff admitted they were friends and, instead, testified that he thought the basis of his termination was due to a dispute between Len Szatkowski and Larry Follman about how Larry Follman ran the molding department. Additionally, Plaintiff has also failed to present any evidence that Mr. Follman's input proximately caused Plaintiff's termination.

**E.     Independent Evidentiary Reasons Exist to Grant This Motion.**

Further, even if Plaintiff did provide sufficient evidence of discriminatory animus and proximate causation (which he did not), "where a decision maker is not wholly dependent on a single source of information, but instead conducts its own investigation into the facts relevant to the decision," the employer cannot be held liable under the "cat's paw" theory. *Brewer v. Bd. of Trustees of Univ. of Illinois*, 479 F.3d 908, 918 (7th Cir. 2007) (citations omitted); *Woods v. City of Berwyn*, 803 F.3d 865, 870–71 (7th Cir. 2015). Here, the decision makers, Ms. Schmidt and Mr. Roeser, conducted an independent investigation when they reviewed Plaintiff's ADP logs, video footage, and timesheets and determined that Plaintiff engaged in repeated tardiness and falsification of his timesheets. There is zero evidence in the record to rebut these undisputed facts which were also deemed admitted in the Court's ruling on Otto's Motion for Summary Judgment.

For these reasons, Defendant, Otto Engineering, Inc., respectfully moves for judgment as a matter of law.

Dated: March 12, 2024                                   Respectfully Submitted,
                                                        OTTO ENGINEERING, INC.

                                                        By: */s/E. Jason Tremblay*
                                                            One of Its Attorneys

51905255.2

                                                 E. Jason Tremblay
Alexander L. Reich
Saul Ewing, LLP
161 North Clark Street
Suite 4200
Chicago, IL 60601
(312) 876-6925
jason.tremblay@saul.com
alexander.reich@saul.com

51905255.2

## **CERTIFICATE OF SERVICE**

Alexander L. Reich, an attorney, hereby certifies that a copy of the foregoing was served on all counsel of record through the Court's ECF system on March 12, 2024.

/s/*Alexander L. Reich*

Alexander L. Reich

51905255.2